**Federal Defenders**
OF NEW YORK, INC.

Southern District
81 Main Street, Suite 300
White Plains, NY 10601-4150
Tel: (914) 428-7124   Fax: (914) 948-5109

Barry D. Leiwant
*Interim Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 19, 2024

VIA EMAIL AND ECF

The Honorable Kenneth M. Karas
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *United States v. Juan Navarro*, 20-cr-502-1 (KMK)

Dear Honorable Judge Karas:

I write to supplement Mr. Navarro's *pro se* motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). *See* ECF No. 56 (Dec. 20, 2023). Under Amendment 821 to the Sentencing Guidelines, made retroactive by the Sentencing Commission, Mr. Navarro is eligible to have his sentence reduced from 66 months' imprisonment to 60 months' imprisonment, the bottom of the newly reduced range. *See* Supplemental Presentence Report, ECF No. 55, at 3 (Dec. 8, 2023). For the reasons set forth below, such a modest reduction is warranted here. The government opposes this request. *See* ECF No. 57.

Although the requested order reducing Mr. Navarro's sentence cannot take effect before February 1, 2024, *see* U.S.S.G. § 1B1.10(e)(2), the Guidelines explicitly authorize the Court to enter such an order before the effective date. *See id.* § 1B1.10, App. Note 7. We respectfully request that the Court do so here, as it will allow the Bureau of Prisons to ensure that Mr. Navarro can fully participate in reentry programs and transitional services (such as placement in a halfway house). I therefore ask the Court to reduce Mr. Navarro's sentence to 60 months' imprisonment at this time.

**A. The Amended Guidelines**

Amendment 821 to the Guidelines went into effect on November 1, 2023. The Amendment made "targeted changes" to reduce recommended guideline ranges for offenders with zero criminal history points under the Guidelines. *See* Supplement to Appendix C, Amendment 821, Reason for Amendment. The Amendment created a new Chapter Four guideline at § 4C1.1 ("Adjustment for Certain Zero-Point Offenders"), which provides for a decrease of two offense levels for defendants who did not receive any criminal history points

under Chapter Four, Part A, and whose instant offense did not involve specified aggravating factors. *See* U.S.S.G. § 4C1.1(a); Supplement to Appendix C, Amendment 821, Reason for Amendment.

The Commission explained its reasoning as follows:

> In establishing new §4C1.1, the Commission was informed by its studies of recidivism among federal offenders, as well as other extensive data analyses of offenders with no criminal history points, and public comment. . . . Recidivism data analyzed by the Commission shows . . . that offenders with zero criminal history points have considerably lower recidivism rates than other offenders, including offenders with one criminal history point. Among other findings, the report concluded that "zero-point offenders" were less likely to be rearrested than "one point" offenders (26.8% compared to 42.3%), the largest variation of any comparison of offenders within the same Criminal History Category.

*Id.*

The Commission also determined that Amendment 821 should have retroactive effect, as its findings "applied with equal force to individuals who are already sentenced": "The purpose of these targeted amendments is to balance the Commission's mission of implementing data-driven sentencing policies with its duty to craft penalties that reflect the statutory purposes of sentencing and to reflect 'advancement in knowledge of human behavior as it relates to the criminal justice process.'" *Id.*, Amendment 825, Reason for Amendment (quoting 28 U.S.C. § 991(b)).

To determine the extent of a retroactive sentencing reduction under § 3582(c)(2) for an eligible defendant, a court must consider: (1) the factors set forth in 18 U.S.C. § 3553(a); (2) public safety; that is, "the nature and seriousness of the danger to any person or the community that may be posed by the reduction,"; and (3) defendant's post-sentencing conduct. *See* U.S.S.G. § 1B1.10, App. Note 1(B). A defendant's sentence can be reduced to the minimum of the new, amended Guideline range. *See id.* § 1B1.10(b)(2)(A).

## B.    Mr. Navarro is Eligible for a Sentence Reduction

The Court originally sentenced Mr. Navarro on October 26, 2021, to 66 months in prison. *See* ECF No. 52. At the time, the advisory guidelines range was 70 to 87 months' imprisonment, based on an offense level of 27, and a criminal history category of I. *See* Supplemental PSR, at 3.

Under the new Guidelines, however, Mr. Navarro's total offense level is reduced from 27 to 25. *See id.* At offense level 25 and criminal history category I, the amended range is 57 to 71 months' imprisonment, which is adjusted to 60 to 71 months because of the mandatory minimum. *Id.* The Probation Department has correctly concluded that Mr. Navarro is eligible for a sentencing reduction. *See id.* Although at Mr. Navarro's original sentencing, the Court determined that a six month-variance from the Guidelines was appropriate, it is not permitted to

vary below the bottom-end of the amended range when re-sentencing Mr. Navarro, which in this case is 60 months. *See* U.S.S.G. § 1B1.10(b)(2)(A).

## C.  The § 1B.10 Factors and the § 3553(a) Factors Strongly Support Reducing Mr. Navaroo's Sentence from 66 Months to 60 Months Imprisonment

Jose Navarro was an exemplary pre-trial supervisee during his period of pre-trial release and voluntarily surrendered following his change of plea. He is now 57 years old and has been an exemplary inmate during the over 31 months that he has been incarcerated. Unlike many of the defendants in the cases cited by the government where courts have denied reduction, Mr. Navarro has worked steadily, taken classes, including GED classes, and has had no disciplinary infractions whatsoever. *See* Supplemental PSR at 4; ECF No. 57 at 2. He has completed approximately 55% of his sentence and his housed at a minimum-security prison camp, with the lowest security level. *See* Pro Se Motion, ECF No. 56, at 2.

Mr. Navarro's background and characteristics, his conduct while on pretrial release, and his conduct while incarcerated well illustrate the reasons Amendment 821 was enacted and made retroactive. The risk of recidivism here is negligible, and the Court can expect that Mr. Navarro will continue his exemplary behavior as he completes his sentence and reenters the community. His motivations for becoming involved in the offense conduct here was largely driven by his own drug addiction which afflicted him later in life. He has been steadily working on his sobriety while in custody. The most egregious aspect of the underlying conduct was the amount and type of narcotics involved. However, a sentence of 5 years for someone who has a minimal criminal history and as only previously served month imprisonment is a sufficient, but not greater than necessary sentence. Here, a reduction in sentence to 60 months' imprisonment will be more than sufficient to satisfy all the purposes of sentencing. *See* 18 U.S.S.C. § 3553(a). Moreover, there is nothing about Mr. Navarro or his offense to suggest that a reduction in sentence would pose a risk to public safety, and as described above, his post-sentencing conduct has been exemplary.

In sum, Mr. Navarro's background and characteristics, his conduct while on pre-trial release, and his conduct while incarcerated strongly support a reduction in sentence from 66 months to 60 months imprisonment, the low-end of the amended guidelines-range.

Sincerely,

Elizabeth K. Quinn
Assistant Federal Defender

cc: Timothy J. Pertz, AUSA

Application for sentence reduction, pursuant to 18 U.S.C. Section 3582(c), is granted. There is no dispute that Mr. Navarro qualifies for a lower sentence by operation of Amendment 821. The reduction in his criminal history lowers his effective Guidelines range from 70 to 87 months to 60 to 71 months. The Court initially imposed a below-Guidelines sentence of 66 months, which reflected Mr. Navarro's own addiction issues. Since that time, Mr. Navarro has engaged in substantial rehabilitation efforts and has had no prison infractions. Based on this record, while the crime that Mr. Navarro was quite serious, the Court finds, after consideration of all the factors set forth in 18 U.S.C. Section 3553(a), that the appropriate sentence is 60 months' imprisonment, which is the low end of the new Guidelines range.

So Ordered.

2/16/24